UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN KNASEL, individually,

    Plaintiff,

v.                                       Case No.:  2:25-cv-979-SPC-DNF

SFW PARTNERS, LLC, a Missouri
limited liability company,

    Defendant.

**OPINION AND ORDER**

Before the Court is Plaintiff Kevin Knasel's Response to Order to Supplement Complaint Showing Cause for Subject-matter Jurisdiction ("Supplement").  (Doc. 13).  Plaintiff Kevin Knasel sues Defendant SFW Partners, LLC, alleging it was professionally negligent in providing him with accounting and tax preparation services.  (Doc. 1).  Because Plaintiff brings just one common law claim of professional negligence, this Court only has subject matter jurisdiction if there is diversity jurisdiction.  28 U.S.C. § 1332(a).  For the following reasons, Plaintiff has not met his burden to show that the Court has subject matter jurisdiction.

Plaintiff is a citizen of Florida.  Defendant is a Missouri limited liability company, with its principal place of business in St. Louis, Missouri. But Plaintiff does not allege Defendant's members' citizenship.  *See Rolling Greens*

*MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (An LLC "is a citizen of any state of which a member of the company is a citizen."). So on October 31, 2025, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. (Doc. 7).

In the Supplement, Plaintiff explains that "Exhibit C identifies the members and managers of SFW Partners, LLC as Richard M. Flom, Stephen R. ("Tim") Shapiro, and Lance Weiss, each of whose address is listed as 9666 Olive St. Rd., St. Louis, Missouri 63132." (Doc. 13 at 3). Exhibit C is an Amendment to Defendant's Articles of Organization, filed July 19, 1999. (Doc. 13-3). It lists Flom, Shapiro, and Weiss's addresses as 9666 Olive Street.[1] But that is merely the address of Defendant's principal place of business. (*See, e.g.*, Doc. 13-2 (listing Defendant's registered office as 9666 Olive Boulevard); Doc. 13-5 (listing Defendant's business address as 9666 Olive Boulevard); Doc. 13-6 (listing address of Defendant's principal place of business as 9666 Olive Boulevard)).

On this record, Plaintiff has failed to demonstrate the parties are diverse.

> Citizenship is equivalent to "domicile" for purposes of diversity jurisdiction. *See Hendry v. Masonite Corp.,* 455

---

[1] The Supplement's numerous exhibits list the address as 9666 Olive *Street* or 9666 Olive *Boulevard*. It is unclear whether this difference is a typographical error or an intentional choice. Regardless, it does not change the analysis or outcome of this Order.

> F.2d 955, 955 (5th Cir.1972).[] "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom. . . .'" *Mas v. Perry,* 489 F.2d 1396, 1399 (5th Cir. 1974), cert. denied, 419 U.S. 842, 95 S.Ct. 74, 42 L.Ed.2d 70 (1974) (quoting *Stine v. Moore,* 213 F.2d 446, 448 (5th Cir.1954)). Furthermore, a change of domicile requires "[a] concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely . . . ." *Id.*

*McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002). Rather than identify the members' domiciles or otherwise prove their citizenship, Plaintiff has merely reiterated Defendant's principal place of business. This is not enough to convince the Court that the parties are diverse. *See Aprio, LLP v. Rozental,* No. CV 1:22-CV-03589-LMM, 2022 WL 20595740, at *2 (N.D. Ga. Nov. 14, 2022) (concluding the pleadings failed to establish diversity of citizenship where a business address suggested either the LLC's member was incorrectly listed as an individual or the address was not in fact the individual's residence, let alone his domicile).

The Court gave Plaintiff the opportunity to prove that diversity exists in this case. (Doc. 7). If this Court allows a case to proceed when it does not have jurisdiction, the result is "a colossal waste of time and effort" for everyone involved—including Plaintiff. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1228 (11th Cir. 2017). Because Plaintiff has failed to meet his burden to show diversity of citizenship, the Court lacks subject matter jurisdiction and dismisses this case without prejudice.

Accordingly, it is now

**ORDERED:**

1. This case is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case

**DONE** and **ORDERED** in Fort Myers, Florida on November 8, 2025.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record